Filed 8/22/25  P. v. Perez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN ANTHONY PEREZ,<br><br>    Defendant and Appellant. | D084683<br><br><br>(Super. Ct. No. RIF1101215 ) |

APPEAL from an order of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed.

John Anthony Perez, in pro. per.; and Raymond Mark DiGuiseppe, under appointment by the Court of appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

John Anthony Perez appeals an order denying his petition for resentencing under Penal Code section 1172.6.[1]

---

[1]    Further undesignated statutory references are to the Penal Code.

A jury convicted Perez in 2012 of first degree murder (§ 187, subd. (a)) and found true an allegation he personally and intentionally discharged a firearm causing the victim's death (§§ 12022.53, subd. (d) & 1192.7, subd. (c)(8)). He was the only person charged and was tried as the actual perpetrator of the homicide. After Perez admitted allegations of two prior serious and violent felony convictions, the court sentenced him to 75 years to life for murder (25 years to life multiplied by three for the two prior strike convictions) plus 25 years to life for the firearm use enhancement for a total indeterminate term of 100 years to life. The court stayed an enhancement under section 1192.7, subdivision (c)(8).

On Perez's direct appeal, we affirmed the judgment in part, but reversed the portion of the judgment adjudicating the truth of the allegation Perez incurred two serious and violent prior felony convictions and his motion to strike the priors because the court did not properly advise Perez of his right to trial, right to silence, or right to confront witnesses before accepting his admission of the prior convictions. We remanded for further proceedings on that issue. (*People v. Perez* (Sept. 11, 2014, D066231) [nonpub. opn.].)

After further proceedings in 2015, where the court properly advised Perez of his rights and he knowingly waived them, Perez again admitted the prior strikes. The court struck one of the prior strikes and resentenced Perez to a total indeterminate term of 75 years to life.

In 2024, Perez filed a petition for resentencing under section 1172.6, asserting he could not presently be convicted of murder after the ameliorative amendments to the law effective January 1, 2019, under Senate Bill No. 1437. He requested appointment of counsel. The court appointed counsel and set a prima facie hearing.

The court granted the People's request for judicial notice of the jury instructions from the original trial and the opinion from the direct appeal as well as all the trial court's files and records.

At the prima facie hearing, defense counsel confirmed the court did not instruct the jury regarding aiding and abetting, natural and probable consequences, or felony murder. The People agreed and argued Perez was, therefore, ineligible for resentencing as a matter of law under section 1172.6. The court also agreed and summarily denied the petition on the basis that Perez was ineligible for resentencing under the statute. Perez appealed.

Appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 222 (*Delgadillo*) indicating counsel has not been able to identify any arguable issues for reversal on appeal and included a concise recitation of facts regarding the denial of the resentencing petition. Counsel asked this court to independently review the record for error, although recognizing that the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not apply in cases of appeals from denial of postconviction petitions for resentencing under section 1172.6. (*Delgadillo,* at p. 222.)

Consistent with the *Delgadillo* procedure, we offered Perez the opportunity to file his own brief on appeal. He responded with a supplemental brief. Perez's supplemental brief does not raise any issue that is cognizable on appeal from the denial of a postjudgment petition for resentencing. Instead, he raises for the first time a new issue alleging juror misconduct, bias, or a compromise verdict to challenge his conviction. To the extent Perez may have a remedy to challenge his conviction, it will be by habeas corpus and not this statutory resentencing procedure.

Our discretionary independent review of the record does not reveal any arguable issues for reversal of the order denying Perez's petition for resentencing under section 1172.6 because he was tried and convicted of first degree murder as the actual killer.  He is, therefore, ineligible for resentencing relief.

## DISPOSITION

The order denying the petition for resentencing under section 1172.6 is affirmed.


McCONNELL, P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.

4